**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-01893 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CITY OF CHICAGO, KENNETH | ) | |
| BOUDREAU, JOHN HALLORAN, | ) | |
| BERNARD RYAN, ROBERT LENIHAN, | ) | |
| JOHN POLUSZNY, MICHAEL CLANCY, | ) | |
| JOHN BALL, JAMES O'BRIEN, GERALD | ) | |
| CARROLL, ELIZABETH SHINN, JOHN | ) | |
| STOUT, AND UNKNOWN EMPLOYEES | ) | |
| OF THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant City of Chicago's motion for reassignment based on relatedness [15] is denied. The parties are directed to meet and confer regarding a proposed agreed order for coordination of discovery to be presented for entry in this case as well as *Hood v. City of Chicago*, No. 16-cv-01970 (N.D. Ill.), and to submit the same for consideration by the district judges by 11/15/2016. Status hearing set for 11/17/2016 at 9:00 a.m. See the accompanying Statement for details.

## STATEMENT

In 1996, Wayne Washington and Tyrone Hood were convicted of murdering Marshall Morgan, Jr. and sentenced to 25 and 75 years in prison, respectively. In February 2015, their convictions were vacated and the charges against them dismissed. Washington subsequently brought this suit under 42 U.S.C. § 1983, claiming that the Defendant police officers ("Defendant Officers") violated his constitutional rights by fabricating evidence, coercing a false confession, threatening witnesses, and withholding exculpatory evidence. Washington further claims that the City of Chicago ("City") has a policy and practice of pursuing wrongful convictions through such improper police tactics. Meanwhile, Hood brought his own suit, *Hood v. City of Chicago*, No. 16-cv-01970 (N.D. Ill.) (Shadur, J.), asserting nearly identical claims against the same Defendants. The City has moved for reassignment and consolidation of the *Hood* case pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42.[1] (Dkt. No. 15.)

---

[1] Federal Rule of Civil Procedure 42 allows a district court to consolidate cases on its docket involving a common question of law or fact. Fed. R. Civ. P. 42(a). Because the Court finds that the conditions for reassignment under Local Rule 40.4 are not met, Rule 42 need not be addressed.

Specifically, the City seeks an order (1) finding that the *Washington* and *Hood* cases are related, (2) reassigning *Hood* to this Court's docket, and (3) consolidating the two cases for all purposes. Because it is not clear at this point that the two cases are susceptible of disposition in a single proceeding, the City's motion is denied.

Local Rule 40.4 permits reassignment of related cases. Specifically, "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. L.R. 40.4(b). Therefore, the Court first must determine whether *Washington* (the earlier-numbered case) and *Hood* are related. If they are, the Court will then go on to determine whether the criteria for reassignment are met. The decision to reassign a case as related lies within the sound discretion of the district court. *See, e.g., Gautreaux v. Chicago Hous. Auth.*, No. 66 C 1459, 2013 WL 5567771, at *3 (N.D. Ill. Oct. 9, 2013).

"[C]ases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. L.R. 40.4(a). The City is correct that the two cases at issue here arise from the same occurrence and involve many of the same issues of fact and law. Washington and Hood were both wrongfully convicted of the murder of Morgan as a result of the same alleged misconduct by the same Defendant Officers. The two plaintiffs bring nearly identical claims based on essentially the same set of underlying facts. Indeed, Hood's response in opposition to the City's motion for reassignment seems to concede relatedness, arguing only that Local Rule 40.4's conditions for reassignment are not met.[2]

A case should be reassigned under Local Rule 40.4(b) if all four of the conditions set forth in the rule are satisfied. *See, e.g., Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.* 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010). It appears undisputed, and the Court agrees, that the first, second, and third conditions are met here.[3] Both cases are pending in this District and the earlier case (*Washington*) has not progressed to the point that reassignment would cause substantial delay. With respect to the second condition, it is clear that—given the significant overlap in parties, claims, and factual and legal issues, and the potential for duplicative discovery—the handling of both cases by the same judge would result in substantial judicial efficiencies.

---

[2] Washington did not file a response to the City's motion, as his case will remain before this Court regardless. According to the City, counsel for Washington does not oppose consolidation for purposes of discovery but does oppose consolidation for all purposes. Counsel for the Defendant Officers agrees with the City's motion.

[3] In his response brief, Hood acknowledges that the first and third conditions are met. As to the second, he asserts that a substantial saving of judicial time and effort can be obtained through coordination of discovery without consolidation into a single proceeding for all purposes.

A more difficult question is whether the *Washington* and *Hood* cases are susceptible of disposition in a single proceeding. The City asserts that some or all of the Plaintiffs' claims may be disposed of at the summary judgment stage and that, even if a trial is required, there is no reason why the claims could not be resolved in a single proceeding. In support, the City contends that most, if not all, of the key witnesses (including Washington and Hood themselves) and evidence will be the same for each trial; that, given the nearly identical claims, each trial will involve the same legal issues; and that the same attorneys will represent the Defendants in both trials.

Hood, on the other hand, argues that the cases involve distinct factual and legal issues that render them incapable of disposition in a single trial. First, Washington claims that the Defendant Officers coerced him into signing a false confession, a claim not at issue in Hood's case. Second, Hood went to trial on the murder charge while Washington pleaded guilty. Hood contends that Washington's confession and plea—while not indicative of actual guilt—might confuse the jury and cause prejudice to him if the cases are tried together. Finally, Hood asserts that the two Plaintiffs suffered unique damages, in part because Hood spent a significantly longer time in prison than did Washington. Hood thus takes the position that the two cases should be consolidated for purposes of discovery but should be kept separate for dispositive motions and trial.

The Court is unconvinced that *Washington* and *Hood* are susceptible of disposition in a single proceeding. There will certainly be significant overlap in witnesses, evidence, and factual and legal issues if each case proceeds to trial. However, the differences highlighted in Hood's response brief are meaningful and could potentially alter the outcome if the cases are tried together. Perhaps more importantly, Washington and Hood are represented by separate legal counsel. Ordering one consolidated trial would in effect force the Plaintiffs and their counsel to work together, thereby effecting a major change in the attorney-client relationship and the trial dynamic. Therefore, although *Washington* and *Hood* are clearly related within the meaning of Local Rule 40.4, it has not been established that they are susceptible of disposition in a single proceeding. The Court thus declines to formally reassign the *Hood* case.

The better course at this stage is coordination of the two cases for discovery and settlement negotiations, which will effectuate many of the efficiencies for which the City advocates in its motion. Moreover, coordination is relatively simple here, where the same magistrate judge has been assigned to both cases. Therefore, the Court proposes an arrangement under which *Washington* and *Hood* will each remain with its assigned district judge, but the cases will be referred to Magistrate Judge Valdez for joint discovery supervision and settlement negotiations, including a provision. When the time comes, the district judges will decide how best to handle dispositive motions so as to avoid duplication and minimize any risk of inconsistent rulings. The cases will also remain before their original district court judges for trial unless it becomes readily apparent—and the parties agree—that a single proceeding is appropriate.

This arrangement strikes the proper balance between efficiency and fairness to the parties, as it respects each Plaintiff's choice of counsel and preserves their right to separate trials.

In the exercise of its broad discretion in deciding how cases on its docket are to be tried—and because nothing compels reassignment—the Court finds that this is the best path forward here. Thus, the City's motion for reassignment of *Hood v. City of Chicago, et al.*, No. 16-cv-01970 (N.D. Ill.), is denied. The parties are directed to meet and confer regarding a proposed agreed order for coordination of discovery to be presented to the district judges for entry in this case as well as the *Hood* case and to submit the same by November 15, 2016.

Dated: November 1, 2016

_____
Andrea R. Wood
United States District Judge