# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 1893 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TYRONE HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 1970 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS' 404(b) WITNESSES

Defendant City of Chicago, by its attorneys, The Sotos Law Firm, P.C., and Defendants John Ball, Kenneth Boudreau, Gerald Carroll, Michael Clancy, John Halloran, Robert Lenihan, James O'Brien, John Poluszny, Bernard Ryan, Elizabeth Shinn, and John Stout, by their attorneys, Rock, Fusco & Connelly, LLC, move this Court for an Order allowing Defendants to depose the nine 404(b) witnesses identified by Plaintiff on August 23, 2019 and state:

### INTRODUCTION

In 2016, Plaintiffs answered Defendant Officers' interrogatories and identified 80 persons as witnesses who they might call to offer testimony against one or more Defendant pursuant to Fed.R.Evid. 404(b). Over time, and pursuant to Defendants' requests, Plaintiffs reduced that number; at the June 13, 2019 status before this Court, the number of 404(b) witnesses stood at 18.

Defendants told this Court they intended to depose Plaintiffs' 404(b) witnesses, but could not reasonably do so until the list was reduced further. This Court told Plaintiffs to reduce the list.

It was not until August 23, however, and after the close of fact discovery, that Plaintiffs finally identified nine 404(b) witnesses as part of an agreement between the parties. That agreement included an "agreement to disagree" about whether Defendants could now depose those 404(b) witnesses, an issue at which the parties are at impasse. Defendants thus turn to this Court to order that Defendants be allowed to depose those witnesses.

## BACKGROUND

In 2016, each Defendant Officer issued an interrogatory to each Plaintiff, asking them to identify any witness that Plaintiffs might call to testify against that Officer pursuant to Fed.R. Evid. 404(b). Each Plaintiff offered identical responses and named a total of 80 different persons who might be called to testify against one or more Defendant Officer.[1]

Over time, at Defendants' requests, Plaintiffs reduced that number. In February 2017, Plaintiffs "narrowed" the number of 404(b) witnesses identified in response to three Defendants' (Boudreau, Halloran, O'Brien) interrogatories to 20, although that list did not include the 2 other persons named in response to other Defendants' interrogatories. Exhibit 1. Next, on May 20, 2019, Plaintiffs purported to "reduce" their list of witnesses against Boudreau, Halloran and O'Brien, but in fact changed some of the witnesses from the February 2017 list and added two new names, for a net *increase*; again, the other persons identified against the other Officers were not included in the "reduction." Exhibit 2.

On May 29, Defendants wrote Plaintiffs regarding their failure to meaningfully reduce the number of 404(b) witnesses. Exhibit 3. In that letter, *inter alia*, Defendants reiterated their intent

---

[1] For economy, Defendants do not attach each interrogatory response, but will provide copies upon request.

to depose each identified witness, again asked Plaintiffs to reduce the number, and stated they would ask this Court for additional time to depose each witness.  On June 6, 2019, Plaintiff responded by "updating" their list to 18 404(b) witnesses.  Exhibit 4.  And on June 12, 2019, Defendants provided Plaintiffs with a list of remaining witnesses Defendants planned to depose, some of who "depend on Plaintiffs," and which included "All 404(b) witnesses disclosed by Plaintiff."  Exhibit 5.

On June 13, 2019, the parties appeared before this Court at a status hearing.  There, in response to the Court's question of what remained in fact discovery, Defendants explained they intended to depose Plaintiff's 404(b) witnesses but that Defendants had asked that the number be reduced, or else deposing 18 persons would add to the time needed to complete discovery; Defendants also explained they did not want to take depositions of persons Plaintiffs were going to cut; and asked the Court if Defendants should file a motion to that issue.  Exhibit 6 at 7, 12-14.  After noting that 18 witnesses was "a lot," and that Plaintiff could "pick the best ones that you want to go forward with," the Court directed Plaintiffs to "work on cutting that [number] down." *Id.* at 14-15.

Despite the Court's direction, Plaintiffs did not reduce their number.  To the contrary, on August 10, 2019, Plaintiff Hood emailed his Second Supplemental Rule 26(a)(1) Disclosures which included: "Any of the individuals named in response to each Defendants' Interrogatories regarding individuals that Plaintiff may call pursuant to Federal Rule of Evidence 404(b) that Plaintiff reduced in correspondence dated June 6, 2019."  In response, on August 12, 2019, Defendants supplemented their Rule 26(a)(1)(A) witness disclosures and added the following: "Defendants reserve the right to name witnesses in response to any of Plaintiffs' witnesses

3

disclosed for purposes of offering evidence pursuant to Federal Rule of Civil Procedure 404(b), once Plaintiffs disclose any such witnesses as instructed by Judge Valdez on June 13, 2019."[2]

The parties then exchanged emails on August 13 and 15, expressing their views on the 404(b) issue. Defendants noted that Plaintiffs had failed to heed this Court's direction to cut down the number of 404(b) witnesses and in fact stated they were staying with the 18 persons identified in their June 6 letter; Defendants also reiterated their intent to seek to depose all 18 persons. Plaintiffs responded that this Court did not direct Plaintiffs to reduce the number of 404(b) witnesses; Plaintiffs cut two witnesses, reducing their number to 16; and took the position that Defendants could not depose any 404(b) witness. Group Exhibit 7.

On August 19, 2019, after discussions on several issues, Plaintiffs agreed to reduce the list of Rule 404(b) witnesses that they may call at trial to 9; on August 23, 2019, Plaintiffs identified those 9 witnesses and correctly cited previous correspondence (not attached here) that the parties had "agreed to disagree" about deposing them. Exhibit 8. This motion follows.

## ARGUMENT

Plaintiffs' strategy of listing far more 404(b) witnesses than they actually intend to call at trial is not uncommon. As Magistrate Judge Harjani recently noted: "This is an issue in every case where we have Loevy on one side and the city on the other. I have many of these cases. Judges in this district have many of these cases. This is – 404(b) is always an issue." Exhibit 9 (transcript from *Prince v. City of Chicago,* 18 C 2952 (N.D. Ill.) at 4. In *Prince*, the plaintiff had identified 40 404(b) witnesses, and defendants were asking that the number be reduced so the witnesses could be deposed. Judge Harjani noted that the number of 404(b) witnesses who are "the best" and actually allowed to testify at trial is usually very small, ordered plaintiff to narrow

---

[2] Defendants again reduce the number of exhibits by not attaching these disclosures as exhibits, but will provide them upon request.

the number of 404(b) witnesses to which defendants agreed, and that those witnesses would be deposed. *Id*. at 7-10.

This Court said much the same thing to Plaintiffs here at the June 13, 2019 status: "You don't want to call 18 witnesses at trial, correct? You can pick the best ones that you want to go forward with. 18 is still a lot. So I am going to ask you to work on cutting that down." Ex. 6 at 14-15. But Plaintiffs did not work on cutting that list down, until after fact discovery had closed.

Long before the close of fact discovery, Defendants have been clear and consistent with Plaintiffs and this Court: Defendants want to depose Plaintiffs' 404(b) witnesses, but could not reasonably do so until Plaintiffs had reduced or otherwise stood on the number of such witnesses (so that Defendants would not waste time and money deposing someone Plaintiffs intended to cut anyway), and would need time after the close of fact discovery to do so if that's when Plaintiffs provided their final list.

Now that Plaintiffs have reduced their final list to 9 witnesses, Defendants seek to depose them. Plaintiffs may say there is no need, since some or all have been deposed previously, but that should not matter.[3] Even if they were deposed, those depositions occurred many years ago (the most recent known deposition was taken in 2014, and the earliest known was taken in 2002). Some of these persons were deposed as plaintiffs, some as witnesses. In any event, the fact that these 404(b) witnesses may have been deposed previously should not matter: counsel for *these* Defendants in *this* lawsuit should be allowed to depose Plaintiffs' 404(b) witnesses to test their stories and their memories. Indeed, the fact that the witnesses may have been deposed before (or given testimony in their own criminal or civil cases) is a reason that *supports* deposing them in this case, since Defendants should be allowed to develop impeachment evidence based on what

---

[3] Defendants have not yet been able to determine if each of the 9 witnesses have been deposed or whether such depositions are available.

5

they've said before versus what they intend to say today. As Magistrate Judge Harjani put it: "It might be the same stuff. It may not. But they [defendants] get a crack at it." Exhibit 9 at 10.

Plaintiffs claim they did not understand Defendants' position to be that Defendants could not depose Plaintiffs' 404(b) witnesses (and provide rebuttal witnesses) until the list was reduced until Defendants' Local Rule 37.2 letter of August 14. Group Exhibit 7. That is simply incredible; Defendants have stated their position orally over the course of the case, and began memorializing that position starting in May 2019 as detailed above. Indeed, Defendants took that very position on June 13 before this Court.

Plaintiffs have and will undoubtedly continue to blame Defendants for not acting sooner than they did, but what were Defendants to do? They had asked Plaintiffs to reduce their list. This Court directed Plaintiffs to reduce their list. Plaintiffs did nothing to reduce their list. Defendants worked on deposing as many non-404(b) witnesses as possible before the close of fact discovery (a date Plaintiffs insisted should not be extended). When Plaintiffs disclosed on August 10, a week before fact discovery closed, that they were standing on their list of the very same 18 404(b) witnesses listed in their June 6 letter this Court had told them to reduce, the battle lines were drawn.

Now that Plaintiffs have finally and actually reduced their list of 404(b) witnesses to a reasonable number (though there are still more witnesses than will likely be admissible or actually allowed or called at trial), Defendants ask this Court for a reasonable amount of time to depose these witnesses and disclose any rebuttal witnesses. Such discovery can take place while the remaining fact witnesses are being deposed, and during expert discovery. Plaintiff will suffer no prejudice from allowing such discovery, and such discovery is of the Plaintiffs' own making:

there was no reason why Plaintiffs could not have reduced the number of 404(b) witnesses, and identified "the best" of them, long ago.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request this Court allow Defendants to depose Plaintiffs' 404(b) witnesses, allow Defendants to then disclose any rebuttal witnesses, set a reasonable schedule to accomplish these tasks, and provide any other relief the Court finds equitable.

Date: August 29, 2019                                    Respectfully submitted,

/s/ Jeffrey N. Given                                     /s/ Eileen E. Rosen
JAMES G. SOTOS, Atty. No. 6184989                        EILEEN E. ROSEN, Atty. No. 6217428
*One of the Attorneys for the City of*                   *One of the Attorneys for Individual*
*Chicago*                                                *Defendants*

James G. Sotos                                           Eileen E. Rosen
Jeffrey N. Given                                         Patrick Moran
Joseph M. Polick                                         Catherine M. Barber
David A. Brueggen                                        Stacy A. Benjamin
Sara J. Schroeder                                        Austin Rahe
George J. Yamin, Jr.                                     Theresa B. Carney
THE SOTOS LAW FIRM, P.C.                                 James B. Novy
141 W. Jackson Blvd., #1240A                             ROCK FUSCO & CONNELLY, LLC
Chicago, IL 60604                                        321 N. Clark Street, Suite 2200
(630)735-3300                                            Chicago, IL 60654
jsotos@jsotoslaw.com                                     (312)474-1000
                                                         ersoen@rfclaw.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C.A § 1746 that the foregoing is true and correct, that on August 29, 2019, I electronically filed the foregoing **Defendants' Joint Motion to Depose Plaintiffs' 404(b) Witnesses** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

| *Attorneys for Plaintiff Tyrone Hood* | *Attorneys for Individual Defendants* |
|---|---|
| Jonathan Loevy | Eileen E. Rosen |
| Gayle Horn | Catherine M. Barber |
| Roshna B. Keen | James B. Novy |
| Heather Donnell | Stacy A. Benjamin |
| Loevy& Loevy | Theresa B. Carney |
| 311 N. Aberdeen Street, 3rd Floor | Patrick Moran |
| Chicago, IL 60607 | Rock Fusco & Connelly |
| 312)243-5900 | 321 N. Clark Street, Suite 2200 |
| jon@loeyy.com | Chicago, IL 60654 |
| elizabethm@loeyy.com | (312)474-1000 |
| gayle@loeyy.com | erosen@rfclaw.com |
| roshna@loeyy.com | cbarber@rfclaw.com |
| heather@loeyy.com | jnovy@rfclaw.com |
| | sbenjamin@rfclaw.com |
| | tcarney@rfclaw.com |
| | pmoran@rfclaw.com |

*Attorneys for Plaintiff Wayne Washington*
Steven H. Fine
Law Office of Steven H. Fine
53 West Jackson Boulevard, Suite 1260
Chicago, IL 60604
312-922-0855
sfinelaw@hotmail.com

Steven Allen Greenberg
Steven A. Greenberg, LRD
53 W. Jackson, Suite 1260
Chicago, IL 60604
312-879-9500
greenberglaw@me.com

/s/ Jeffrey N. Given
JEFFREY N. GIVEN, Attorney No. 6184989
One of the Attorneys for City of Chicago