**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WAYNE WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 16 C 1893** |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | **No. 16 C 1970** |
| **Defendants.** | ) | |
| | ) | **Magistrate Judge** |
| | ) | **Maria Valdez** |
| _____ | ) | |
| | ) | |
| **TYRONE HOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>ORDER</u>**

This matter is before the Court on Defendants' Joint Motion to Depose Plaintiffs' 404(b)

Witnesses [Doc. Nos. 183 and 286]. For the reasons that follow, Defendants' motion is granted.

**<u>BACKGROUND</u>[1]**

In 2016, Defendants issued interrogatories to Plaintiffs requesting that they identify any

witnesses they might call to testify against Defendant Officers pursuant to Fed. R. Evid. 404(b).

Plaintiffs named a total of 80 different witnesses who might be called. In February 2017, at

---

[1] The Court presumes the parties' familiarity with the facts of the case, and recites only the facts that are relevant to the underlying motion.

Defendants' request, Plaintiffs narrowed the list to 20 witnesses in response to Defendants Halloran, Boudreau, and O'Brien. In May 2019, with fact discovery set to close on July 19, 2019, Defendants requested a further reduction of Plaintiffs' list. Plaintiffs provided an updated list that removed 11 names from the February 2017 list and added 13 additional new names – thus an increase in the total number. On June 6, 2019, Plaintiffs reduced their list to 18 witnesses. On June 13, 2019, at a status hearing before this Court, fact discovery was extended to August 19, 2019 and Plaintiffs were advised to further reduce their list of 18 witnesses. On August 15, 2019, Plaintiffs reduced their list to 16 witnesses. On August 23, 2019, after the close of fact discovery, the parties came to an agreement on a list of 9 witnesses, but "agreed to disagree" on whether Defendants could depose them.

## DISCUSSION

Defendants argue that Plaintiffs' failure to reduce the number of witnesses to a reasonable number prohibited them from conducting 404(b) discovery prior to the close of discovery. Defendants assert that it would have wasted time, money, and effort having to depose the list of 20 witnesses provided in 2017 when Plaintiffs added and removed names throughout discovery and only 6 of those witnesses made it to the final list. Plaintiffs argue that Defendants' belated attempt to depose the witnesses after the close of discovery should be denied because Defendants failed to notice a single deposition since the first reduction of witnesses in 2017. Moreover, that many of the disclosed witnesses have been deposed, have testified on the relevant subject matter in prior cases or evidentiary hearings, or have pending lawsuits in this district.

The Court has substantial discretion in controlling its docket, which includes the power to modify schedules for good cause. Fed. R. Civ. P. 16(b)(4). In this instance, the Court is inclined to agree with Defendants. Although Defendants did not notice any 404(b) depositions since the

initial reduction to 20 witnesses in 2017, their conduct was reasonable. Defendants, on more than on occasion, requested a reduction in the list of witnesses so they could proceed with depositions. And, the Court encouraged Plaintiffs to reduce their list each time the matter was raised in open court. Plaintiffs' second "reduction" not only removed 11 names from the list, but added 13 new names, thus increasing the already high number of witnesses to depose. Once the list had reached 18 witnesses, this Court informed Plaintiffs that the number was still entirely too high and directed them to further reduce the list. Plaintiffs waited two months to insignificantly reduce the list of witnesses from 18 to 16, leaving Defendants stuck between a rock and hard place one week prior to the close of fact discovery. They could either seek to depose a witness that was still to be potentially struck by Plaintiffs, or they could depose after the parties reached a final resolution on the number of witnesses, which had not yet happened.

It was not until after the close of fact discovery that Plaintiffs reduced the number of witnesses to a manageable size of 9 – although the Court notes that 9 is still higher than necessary for the purposes of this case. Only 6 witnesses from the initial reduction to 20 in 2017 remain on the final list of 9. Moreover, the updated list provided in May 2019 not only removed names but added new ones. It is not unreasonable for Defendants to have delayed in taking 404(b) depositions when Plaintiffs failed to reduce the list of witnesses to a reasonable number or stand on the number they intended to call. It would have been a complete waste of time and resources. Defendants had no way of knowing who to depose without guessing or deposing every single witness, which this Court finds to be highly burdensome and unnecessary. Further, Plaintiffs argument that Defendants are not entitled to take depositions of witnesses who have already been deposed or otherwise testified in other proceedings is without merit. This is an

entirely different case. Defendants are entitled to question the witnesses for purposes related to this case.

Accordingly, Defendants are granted leave to depose the nine 404(b) witnesses identified on Plaintiffs' final list. Defendants are granted sixty (60) days from the date of this Order to do so.

## **CONCLUSION**

For the foregoing reasons, Defendants' Joint Motion to Depose Plaintiffs' 404(b) Witnesses [Doc. Nos. 183 and 286] is granted.


**SO ORDERED.**                                    **ENTERED:**


**DATE:  October 29, 2019**            _____
                                       **HON. MARIA VALDEZ**
                                       **United States Magistrate Judge**

4