IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE WASHINGTON, | ) | |
| | ) | No. 16 CV 1893 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable John F. Kness |
| | ) | |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.*, | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| TYRONE HOOD, | ) | |
| | ) | No. 16 CV 1970 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable John F. Kness |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**THE OFFICER DEFENDANTS' MOTION IN LIMINE NO. 9
TO BAR EVIDENCE OR ARGUMENT THAT THE PHOTO
IDENTIFICATION PROCEDURE USED WITH BRENDA CAGE AND
<u>EMANUEL BOB WAS UNDULY SUGGESTIVE OR IMPROPER</u>**

Defendants, KENNETH BOUDREAU, GERALD CARROLL, JOHN HALLORAN, ROBERT LENIHAN, JAMES O'BRIEN, and BERNARD RYAN, (the "Officer Defendants"), through their undersigned counsel, move *in limine* to bar any evidence or argument that the photo identification procedure used with Tammy Cage, Brenda Cage, and Emanuel Bob was unduly suggestive or improper.

1. The Officer Defendants anticipate Plaintiffs will seek to admit evidence to convince the jury that the photo identification procedure in this case, where eyewitnesses Emmanuel Bob and Brenda Cage identified Plaintiffs, was suggestive. Plaintiffs will seek to admit opinion testimony from their purported eyewitness identification expert, Dr. Brian Cutler. Defendants

have already moved to exclude Dr. Cutler's opinions, and his testimony is the subject of a *Daubert* motion pending before this Court. (*Hood*, Dkt. 604, 656). Plaintiffs, however, may also attempt to elicit testimony related to the alleged suggestiveness from the Cages or Bob themselves or from the police officer witnesses or Defendants' experts. All such argument and testimony should be excluded.

2. As explained in the Officer Defendants' motion to bar Dr. Cutler, Plaintiffs' suggestive identification claim was dismissed by the Court. In ruling on summary judgment, the Court held that the officers involved in the identification procedure (Lenihan and Ryan) were entitled to qualified immunity, and, therefore, Plaintiffs' claim did not survive. (Dkt. 589, p. 63). Because the jury will not be deciding the issue, the jury should not hear any evidence about it.

3. If Plaintiffs were to suggest at trial that the photo procedures were unduly suggestive or improper, such evidence or argument would be both irrelevant and prejudicial to the Officer Defendants. Not only has the claim been dismissed, but if Plaintiffs were to admit evidence or make argument that identifications were suggestive, then the Officer Defendants would lose the benefit of qualified immunity that they already won. The Officer Defendants should not be forced to contend with those allegations when they immune from suit on that claim.

4. This case is like *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006). There, the district court granted qualified immunity to the officer defendants for any alleged wrongful actions taken against plaintiff other than an intentional blow to plaintiff's head. During closing arguments, plaintiff's counsel argued that the totality of the defendants' multiple wrongful actions was the cause of plaintiff's injuries, disobeying the court's earlier order on qualified immunity. *Id.* at 1365-66. In affirming the District Court's grant of a new trial, the Eleventh Circuit stated, "Plaintiff's counsel's improper closing argument prejudiced the substantial rights

2

of Defendants by taking away from Defendants the benefits of the partial summary judgment they had won before trial and by incorrectly expanding the grounds for liability at trial to include grounds ruled out by the court." *Id.* at 1367.

5. The same is true here. If Plaintiffs introduce testimony or evidence or argue that the Officer Defendants did anything improper leading up to the Cage and Bob identifications, then the Officer Defendants risk the jury reaching the conclusion that the identifications were suggestive. Thus, the admission of such evidence risks the jury finding liability on a claim already dismissed by this Court. Rule 403 instructs the Court to exclude any evidence that would lead the jury to find liability on an improper basis. *See* Fed R. Evid. 403; *Thompson v. City of Chicago*, 722 F.3d 963, 975-76 (7th Cir. 2013).

6. What's more, setting aside Dr. Cutler's opinions, which, as explained in the Officer Defendants' *Daubert* motions, are inadmissible, Plaintiffs developed no evidence that Bob and Cage identified Plaintiffs because of any actions by the officers. Much different, Bob explained that he volunteered what he knew when the officers were speaking to Cage, and he saw the photographs and told them what he knew. (Ex. A, Bob Dep., p. 67-68, 157). And Cage denied any memory of speaking to the detectives. (Ex. B, Cage Dep., p. 65). Thus, while Plaintiffs may challenge the witnesses' credibility in their identifications, they lack the requisite evidence to establish that either of them made identifications because of some misconduct the part of the officers. *See United States v. Infelise*, Case No. 90 CR 87, 1992 WL 7833, at *1 (N.D. Ill. Jan. 7, 1992) ("[a] lawyer may not cross-examine a witness by asking questions that lack a factual basis." (*quoting United States v. Finley*, 934 F.2d 837, 839 (7th Cir. 1991)).

7. Indeed, admitting such evidence or allowing such argument would also confuse the issues, requiring the jury to evaluate what is and what is not suggestive in the context of

3

identifications procedures. This is particularly problematic considering there is no suggestive identification claim, and there is no evidence that any of the officers suggested to the witnesses who to identify. Accordingly, this evidence should be excluded.

8. The Officers Defendants conferred with Plaintiffs about this motion, and Plaintiffs have indicated they intend to offer the evidence that the Officer Defendants seek to exclude.

WHEREFORE, the Officer Defendants respectfully request that Plaintiffs and their witnesses and attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel is instructed to warn and caution each and every witness under their control appearing in this litigation to strictly comply with the ruling of this Court.

Dated: January 11, 2023.

Respectfully submitted,

By: /s/ *Patrick R. Moran*
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Officers*

Patrick R. Moran
Eileen E. Rosen
Austin G. Rahe
Andrew J. Grill
Rock Fusco & Connelly, LLC
333 West Wacker Dr., 19th Floor
Chicago, IL 60606
312.494.1000
pmoran@rfclaw.com