IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE WASHINGTON, | ) | |
| | ) | No. 16 CV 1893 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable John F. Kness |
| | ) | |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.*, | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| TYRONE HOOD, | ) | |
| | ) | No. 16 CV 1970 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable John F. Kness |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**THE OFFICER DEFENDANTS' MOTION IN LIMINE NO. 24
TO BAR EVIDENCE OR ARGUMENT OF EMANUEL BOB'S ALCOHOL USE**

Defendants JOHN HALLORAN, KENNETH BOUDREAU, BERNIE RYAN, ROBERT LENIHAN, GERALD CARROL, and JAMES O'BRIEN (the "Officer Defendants"), through their undersigned attorneys, move *in limine* to bar any evidence or argument of Emanual Bob's alcohol use.

1. The Officer Defendants anticipate Plaintiffs with seek to introduce evidence and argument that Emanuel Bob was drinking alcohol on Mother's Day 1993 when he observed Plaintiffs in connection with the victim's car, and in 1996 when he was interviewed by Defendants Lenihan and Ryan about what he observed, and/or that it affected his memory. None of it is admissible.

1

2. At Bob's deposition, he explained that he did have a history of drinking alcohol but during the 1993 timeframe he never drank on Sundays. (Ex. A, Bob Dep., p. 32, 156). Thus, he would not have been drinking on Mother's Day 1993 when he observed Plaintiffs. Indeed, Plaintiffs did not develop any evidence that he was drinking alcohol that day and have no way of disputing Bob's testimony with any facts.

3. Bob also testified that his history with drinking alcohol impacted his memory, but Bob testified that he had a memory of what he saw in May 1993. Plaintiffs developed no evidence that a history of drinking alcohol would cause someone to create a false memory of their observations.

4. Although Bob testified that he was drinking alcohol the day he was interviewed by the detectives, he did not testify that drinking affected his ability to recall the events of Mother's Day 1993 when he spoke to police in 1996. Rather, he testified that there were times when drinking affected his memory and that he had a hard time remembering things at his deposition because of his history of drinking. (Ex. A, Bob's Dep, 59: 16 – 60: 7). That does not erase the memory Bob formed in 1993 or his consistent assertions over the years that he saw Hood and Washington on Mother's Day 1993 in or near the blue Chevy Celebrity that belonged to Morgan Jr.'s mother.

5. Evidence related to Bob's history with drinking alcohol is, therefore, irrelevant. Plaintiffs did not develop evidence that it affected his observations on Mother's Day 1993 or his ability to recall events with the detectives. For that reason, it should be excluded. *See Jordan v. City of Chicago,* No. 08 C 6902, 2011 WL 6119147, at *3 (N.D. Ill. Dec. 8, 2011) (Plaintiff's memory or mental capacity must be legitimately at issue before defendants can offer prior drug and alcohol use to attack the plaintiff's credibility).

6. On the other side of the equation, evidence of Bob's history of alcohol use is highly prejudicial. It creates the unfair inference that Bob should not be trusted or believed because of his past addictions. Indeed, if prior alcohol use lacks probative value as to a witness's mental state at any relevant time, its only purpose here would be to attack the witness's character, which is not allowed. *See Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (absent evidentiary link, additional evidence of drug use "would only have served to raise the inference that drug users tend to lie," and inference that is impermissible); *Casares v. Bernal*, 790 F. Supp. 2d 769, 784 (N.D. Ill. 2011) (whether witnesses have used illegal drugs or abused alcohol on days other than the date in question carries almost no probative value and would tend to lead the jury to conclude that they are bad characters); *United States v. Cameron,* 814 F.2d 403, 504 (7th Cir. 1987) (evidence of drug use can be "highly prejudicial"); *United States v. Boyd,* 833 F. Supp. 1277, 1359 (N.D. Ill. 1993) ("As a general rule, a witness's past drug use is not probative of veracity and thus is not a proper subject for cross examination").

7. The evidence is also offensive and an invasion of privacy considering Bob described himself as a past alcoholic. The Officer Defendants assume it would be particularly uncomfortable for Bob to detail his history of alcohol use in front a jury, especially considering he is only a third-party witness and did not volunteer for such treatment simply because he told the detectives what he observed over 25 years ago. And, again, the probative value is miniscule considering Plaintiffs failed to develop any evidence that it impaired his ability to make observations of Plaintiffs or recall them. Even Plaintiffs' experts admitted that there was no evidence that Bob had been drinking alcohol on the day he made his observations. (Ex. B, Cutler, 9/20 Dep., p. 290). And their expert admitted that he has no knowledge of how or why alcohol would cause someone to develop a false memory. *Id.* at 291.

8. Further, the fact that Bob had a history of alcohol abuse does not prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident (the permitted uses under Rule 404(b)) in the present case. His alcohol use does not provide any evidentiary link to the fact that he told the detectives about his observations of Plaintiffs. Rather, Plaintiffs seek to use the evidence to show that Bob was mistaken in what he saw; however, as explained, they did not develop that evidence because he was not drinking alcohol the day he observed them.

9. Because evidence of Bob's alcohol use lacks any probative value, which is outweighed by the high risk of prejudice, it should be excluded.

10. The Officers Defendants conferred with Plaintiffs about this motion, and Plaintiffs have indicated they intend to offer the evidence that the Officer Defendants seeks to exclude.

**WHEREFORE,** the Officer Defendants respectfully request that Plaintiffs and their witnesses and attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel is instructed to warn and caution each and every witness under their control appearing in this litigation to strictly comply with the ruling of this Court.

Dated: January 11, 2023.

Respectfully submitted,

By: /s/ *Patrick R. Moran*
Special Assistant Corporation Counsel
*One of the Attorneys for Defendant Officers*

Patrick R. Moran
Eileen E. Rosen
Austin G. Rahe
Andrew J. Grill
Rock Fusco & Connelly, LLC

4

333 West Wacker Dr., 19th Floor
Chicago, IL 60606
312.494.1000
pmoran@rfclaw.com
